

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

NICHOLAS W., B/N/F MELANIE W., §
 §
    Plaintiffs, §
 §
v. §
 § Case No. 4:07-CV-14
NORTHWEST INDEPENDENT §
SCHOOL DISTRICT, *et al.*, §
 §
    Defendants. §

## MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT AND, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

The following are pending before the court:

1. Defendants' motion to dismiss Plaintiffs' Third Amended Complaint and, alternatively, motion for more definite statement (docket entry #44);

2. Plaintiffs' response to Defendants' motion to dismiss Plaintiffs' Third Amended Complaint and, alternatively, motion for more definite statement (docket entry #63);

3. Defendants' reply to Plaintiffs' response to Defendants' motion to dismiss Third Amended Complaint (docket entry #65); and

4. Plaintiffs' sur-reply to Defendants' motion to dismiss Plaintiffs' Third Amended Complaint, and alternatively, Defendants' motion for more definite statement (docket entry #66).

Having considered the Defendants' motion and the responsive briefing thereto, the court finds that the motion should be granted in part.

### BACKGROUND

The Plaintiffs herein are Melanie W. and her son Nicholas W. Nicholas was originally enrolled as a student in the Grapevine-Colleyville Independent School District ("GCISD"). While

attending GCISD, Nicholas was identified as an emotionally disturbed student who was eligible for special education services. Nicholas subsequently transferred to the Lake Travis Independent School District. Thereafter, in January 2004, Nicholas transferred to the Northwest Independent School District ("NWISD"). The Plaintiffs originally brought suit against NWISD for its failure to provide Nicholas with a free appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"). The Plaintiffs subsequently amended their lawsuit, suing 19 individuals associated with NWISD in their individual capacities.

In their most recent pleading (Plaintiffs' Third Amended Original Complaint), the Plaintiffs sued the parties as follows:

1. NWISD

    A. IDEA

    B. Section 504 of the Rehabilitation Act of 1973 ("Section 504");

2. Individual Defendants

    A. 42 U.S.C. § 1983.

In response, the Defendants moved to dismiss the Plaintiffs' claims against each of the Individual Defendants under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, the Individual Defendants request that the court order the Plaintiffs to re-plead their Third Amended Original Complaint pursuant to FED. R. CIV. P. 12(e). Finally, NWISD seeks a bifurcation and abatement of the Plaintiffs' Section 504 claim.

### DISCUSSION AND ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P.

12(b)(6). The court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In addition, all reasonable inferences are to be drawn in favor of the plaintiff's claims. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). However, dismissal for failure to state a claim does not require the appearance that, beyond a doubt, the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). Rather, to survive a 12(b)(6) motion to dismiss, a plaintiff must show, after adequately stating its claim, that the claim "may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969.

1. **§ 1983**

As noted above, the Plaintiffs sued the Individual Defendants under § 1983. The paragraphs in the Plaintiffs' Third Amended Original Complaint relating to each Individual Defendant's alleged § 1983 violation contains the following language:

> Individual defendant [ ] violated the rights of plaintiffs Nicholas W. and Melanie W. secured by 42 U.S.C. § 1983 by acting under color of law, intentionally, willfully and with deliberate indifference, to deprive Nicholas W. and Melanie W. of rights and privileges secured and protected by the laws and constitution of the United States.

THIRD AMD. ORIG. COMPL., ¶¶ 42, 44, 46, 48, 50, 52, 54, 56, 58, 60, 62, 64, 66, 68, 70, 71 (second), 73 and 75. The Individual Defendants argue that the allegations fail to provide them with sufficient notice regarding the specific federal law or laws they allegedly violated. The Individual Defendants acknowledge, however, that it would be reasonable to presume that the Plaintiffs are alleging violations of either Section 504 and/or IDEA since the Plaintiffs complain that Nicholas W. was prevented from accessing special education and related services.

In response, the Plaintiffs argue that the Individual Defendants are being sued in their individual capacities under § 1983 for violations of IDEA, not Section 504.[1] It appears that the parties agree that it would, in fact, be impermissible to sue the Individual Defendants under § 1983 for violations of Section 504. Accordingly, it is not necessary for the court to address the issue of Section 504 as it relates to the Individual Defendants any further.

However, the Individual Defendants contend that like Section 504, § 1983 may not be used as an enforcement mechanism for any alleged IDEA violations against the Individual Defendants. Pursuant to the Supreme Court decision of *City of Rancho Palos Verdes*, "§ 1983 does not provide an avenue for relief every time a state actor violates a federal law." *City of Rancho Palos Verdes, California v. Abrams*, 544 U.S. 113, 119, 125 S.Ct. 1453, 1458, 161 L.Ed.2d 316 (2005). "[T]o sustain a § 1983 action, the plaintiff must demonstrate that the federal statute creates an individually enforceable right in the class of beneficiaries to which he belongs." *Id*. at 120. In *City of Rancho Palos Verdes*, the Supreme Court concluded that the judicial remedy authorized by the Communications Act was not intended to coexist with an alternative remedy available under § 1983. *Id*. at 120-21. While the *City of Rancho Palos Verdes* involved the Communications Act, not IDEA, the Individual Defendants argue that the analysis would be the same. The Plaintiff contends that while certain circuits agree with the Individual Defendant's argument, other circuits do not. Further, the Fifth Circuit has remained silent on the use of § 1983 as an enforcement mechanism for IDEA violations since the Supreme Court issued its opinion in *City of Rancho Palos Verdes*.

---

[1] Although the Plaintiffs' Third Amended Original Complaint clearly states that the Individual Defendants violated the Plaintiffs' rights secured by § 1983 by acting under color of law to deprive the Plaintiffs of rights and privileges secured by the Constitution of the United States, the Plaintiffs, in their response to the Defendants' motion to dismiss, state that no constitutional violation has been alleged by the Plaintiffs. PL. RESP. TO DEF. MTN. TO DISMISS, p. 5, ¶ 8.

While the Individual Defendants present a compelling argument, the court must follow current Fifth Circuit precedent. As discussed in *Morris v. Dearborne*, "[v]iolations of the protections guaranteed by the IDEA may be pursued through § 1983, which broadly encompasses violations of federal statutory as well as constitutional law." 181 F.3d 657, 674 n.10 (5th Cir. 1999). Accordingly, the Plaintiffs may proceed with their § 1983 claims against the Individual Defendants.[2]

The Individual Defendants additionally contend that the Plaintiffs failed to plead sufficient facts relating to each Individual Defendant's conduct that might subject each Individual Defendant to liability. Having reviewed the Plaintiffs' Third Amended Original Complaint, the court notes that with the exception of Individual Defendant DeAnne Hatfield, the Plaintiffs have pled sufficient facts about each of the Individual Defendants. The Plaintiffs, however, have pled no substantive facts about Individual Defendant DeAnne Hatfield.

The Individual Defendants also argue that they are entitled to immunity; as such, the Plaintiffs' allegations are subject to a heightened pleading requirement. "Although a plaintiff need not anticipate a claim of qualified immunity in his original pleading, he may be required to 'engage the affirmative defense of qualified immunity when invoked.'" *Hernandez v. Duncanville School District*, 2005 WL 723458, *9 (N.D. Tex. 2005), quoting *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) (en banc). This is accomplished via a Rule 7(a) reply. *See id.*, citing FED. R. CIV. P. 7(a). "Such a reply 'must be tailored to the assertion of qualified immunity and fairly engage its allegations.'" *Id.*, quoting *Schultea*, 47 F.3d at 1433. The Individual Defendants have not yet asserted the defense of qualified immunity. Accordingly, the argument is premature.

---

[2] The Individual Defendants contend that the Plaintiffs' § 1983 claims were brought against them for improper purposes, *i.e.* to harass, delay and increase costs. As such the Individual Defendants are seeking sanctions under FED. R. CIV. P. 11. In light of the court's ruling, the request for sanctions is denied.

Based on the foregoing, the court finds that the Individual Defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) should be denied. However, the Plaintiffs shall file an amended pleading clarifying the following:

1. The Plaintiffs shall remove all references to any Constitutional violations as currently referenced in ¶¶ 42, 44, 46, 48, 50, 52, 54, 56, 58, 60, 62, 64, 66, 68, 70, 71 (second), 73 and 75 of the Third Amended Original Complaint;

2. The Plaintiffs shall specifically plead that the Individual Defendants have violated IDEA;

3. The Plaintiffs shall plead sufficient facts in accordance with the Federal Rules of Civil Procedure about Individual Defendant DeAnne Hatfield such that the Defendant is placed on notice about the allegations against her. If the Plaintiffs choose not to so plead, the court will dismiss Individual Defendant DeAnne Hatfield from this lawsuit;

4. The Plaintiffs must file their amended complaint in accordance with this order within twenty (20) days from the date this order is entered; and

5. Thereafter, the Defendants shall file an amended answer within the time prescribed by the Federal Rules of Civil Procedure. If the Individual Defendants assert the defense of qualified immunity, the Individual Defendants may move the court for an order requiring the Plaintiffs to file a FED. R. CIV. P. 7(a) reply.

**2.     Section 504**

The Plaintiffs sued Defendant NWISD under Section 504, seeking actual and punitive damages. The Defendant argues, and the Plaintiffs concede, that punitive damages are not recoverable under Section 504. Since both parties agree on this issue, it is not necessary for the court to proceed any further on this issue. The Plaintiffs' amended pleading shall additionally clarify that the Plaintiffs are not seeking to recover punitive damages under Section 504.

Finally, the Defendant argues that the Plaintiffs' Section 504 claim is factually and legally indistinct from the Plaintiffs' IDEA claim. Accordingly, the Defendant argues that the court should

bifurcate and abate the Plaintiffs' Section 504 claim until such time that the court rules on the Plaintiffs' IDEA claim. *See Pace v. Bogalusa City School Board*, 403 F.3d 272, 290 (5th Cir. 2005)(district court severed the IDEA claims from the non-IDEA claims and, after dismissing the IDEA claims, granted summary judgment on the non-IDEA claims on the grounds that the factual bases for the non-IDEA claims were indistinct from the IDEA claims, applying issue preclusion).

While the Plaintiffs do not contest that the IDEA and Section 504 claims are factually indistinct, the Plaintiffs do not agree to an abatement of the Section 504 claim. The court agrees. Since the Plaintiffs IDEA, Section 504 and § 1983 claims "succeed or fail on the same bases", they should be considered together. *Morris*, 181 F.3d at 674 n.10.

## CONCLUSION

Based on the foregoing, the court hereby **GRANTS IN PART** Defendants' motion to dismiss Plaintiffs' Third Amended Complaint and, alternatively, motion for more definite statement (docket entry #44).

**SIGNED this the 26th day of November, 2008.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE