In the United States District Court
For the Eastern District of Texas
Sherman Division

| | |
|---|---|
| NICHOLAS W., b/n/f MELANIE W., and MELANIE W.<br>Plaintiffs<br><br>VS.<br><br>NORTHWEST INDEPENDENT SCHOOL DISTRICT; DR. DARYL G. LANEY, IN HIS INDIVIDUAL CAPACITY AS A TRUSTEE OF NORTHWEST ISD; and KAREN GATES RUE, VICKY L. HARDY, CINDY BROWN, KANDY LOUISE AYDELOTTE, SHERRY BUCHANAN, BARBARA LAVENDER, TRUDY POTTS, LEZLEE DENISE DUTY, LOWELL STRIKE, DENNIS MCCREARY, JIM F. CHADWELL, JERHEA NAIL, GERALD ASTHON, MICHAEL SCHWEI, JON GRASSWICH, GLENDA KELLEY, AND SARA SELINA LEONARDO, IN THEIR INDIVIDUAL CAPACITIES AS CURRENT OR FORMER EMPLOYEES OF NORTHWEST INDEPENDENT SCHOOL DISTRICT,<br>Defendants | § § § § § § § § § § § § § § § § § § § § § § § § § §    Civil Action No. 4:07-cv-14 |

## PLAINTIFFS' MOTION TO EXTEND TIME TO AMEND PLEADINGS

Plaintiffs respectfully request that the court extend the time to file their Fourth Amended Original Complaint as authorized by Federal Rule of Civil Procedure 6(b).

### A.    Introduction

1.    On November 26, 2008, the Court issued a memorandum opinion and order granting, in part, Defendants' motion to dismiss plaintiffs' third amended complaint and alternatively, for more definite statement (*See* Document 84 filed on 11/26/2008).

2.    The Court denied Defendants' motion to dismiss plaintiffs' third amended complaint and ordered Plaintiffs to file an amended pleading clarifying certain statements

in their third amended complaint. The order also required that Plaintiffs file their amended complaint in accordance with the order within twenty (20) days from the entry of the order, which was December 16, 2008.

3. Plaintiffs did not timely file their fourth amended complaint as ordered by the Court and move for an order to extend the time to file the amended pleadings as ordered by the court.

4. Plaintiffs filed this motion to extend time as soon as they became aware of the need for additional time, which was after the deadline.

### B.     Argument

5. A court may grant a motion to extend time filed after the deadline if the motion shows proof of good cause and if the failure to act timely was the result of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); *In re Cendant Corp. Prides Litig.*, 223 F.3d 188, 195-96 (3d. Cir. 2000). In determining whether there is excusable neglect, the court should consider the following: (1) the prejudice to the nonmovant, (2) the length of the delay and its potential impact on the judicial proceedings, (3) the reason for the delay and whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Yesudian v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993).

6. The court should grant Plaintiffs' request for an extension of time to file its fourth amended complaint until January 6, 2008, for the following reasons:

   a. Defendants will not be prejudiced by the extension of time. A Final Pretrial conference and Trial Scheduling was to have occurred on Monday December 1, 2008 but

was cancelled and subsequently rescheduled for August 3, 2009, about seven (7) months from now. Motions for summary judgment are not due until April 30, 2009, almost four (4) months from now. Defendants still have ample time to engage in discovery according to the Court's discovery plan filed on November 26, 2008 (*see* Document 83 filed by the Court on November 26, 2008).

b. Plaintiffs' delay in filing their fourth amended complaint has not been unreasonable, exactly three weeks to the day. During that three week period, the Christmas / New Year's holidays intervened and the office of one counsel (Ms. Heiligenthal) was closed for two weeks. Plaintiffs filed this motion to extend time as soon as they became aware of the filing deadline and that the deadline had passed.

c. The potential impact of the delay on the judicial proceedings is non-existent or negligible as explained in paragraph 6(a), above.

7. The reason for the delay was partly beyond Plaintiffs' control. Plaintiffs' co-counsel are both solo practitioners practicing almost exclusively in the area of special education law and office about two hundred miles apart. The court's Order of November 26, 2008 was received the day before the Thanksgiving holiday; co-counsel briefly conferred about the discretionary pleadings required under the court's ruling shortly after that time. However, during the extremely busy period in December prior to all school districts and many school attorney's offices closing for the two-week holiday break, each was apparently under the mistaken impression that the other would the file nondiscretionary amendments that had been ordered by the Court. These amendments, as ordered, are now included in Petitioners' fourth amended original complaint, attached to this motion to extend time.

8. Plaintiffs have acted in good faith. The late filing of Plaintiffs' fourth amended original complaint as ordered by the Court was due to excusable neglect and inadvertent error due to the exceptionally pressing workload experienced by all attorneys practicing school law (on both sides of the bar) in the month of December prior to the Christmas/ New Year's holiday and the closing of schools for those holidays. Plaintiffs' delay has not and will not prejudice Defendants nor result in any delay in the proceedings of this case.

### C.  Conclusion

9. The failure of Plaintiffs to timely file their Fourth Amended Original Petition was the result of excusable neglect. There is and will not be any prejudice to Defendants as a result of the late filing, nor will there be any delay of the judicial proceedings. The delay in filing was partly beyond Plaintiffs' control in that the Court's Order required Plaintiffs' to file their fourth amended original complaint during a time of the year when the press of work is exceedingly heavy due to holidays, especially school holidays. Because of this and also because of a miscommunication between Plaintiffs' co-counsel during this busy time, Plaintiffs neglected to timely file their fourth amended original complaint. For these reasons, Plaintiffs ask the Court to extend the time to file its Fourth Amended Complaint until January 6, 2009.

Respectfully submitted,

/s/Myrna B. Silver

**MYRNA B. SILVER**

**ATTORNEY AT LAW**
10501 N. Central Expressway
Suite 301
Dallas, Texas 75231
Tel: (214) 365-0050
Fax: (214) 365-0052
silvrlaw@airmail.net

**SUSAN FELLER HEILIGENTHAL**
**ATTORNEY AT LAW**
Attorney-in-charge
State Bar No. 09380900
6805 Cypress Point North
Austin, Texas 78746
Tel.: (512) 306-1576
Fax: (512) 233-5270
studentslawyer@sbcglobal.net

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Charles Crawford, Attorney for Defendants, by e-mail on Tuesday, January 6th, and he informed me by e-mail response that he is opposed to this motion.

/s/ Myrna B. Silver
Myrna B. Silver

**MYRNA B. SILVER**
**ATTORNEY AT LAW**
10501 N. Central Expressway
Suite 301
Dallas, Texas 75231
Tel: (214) 365-0050
Fax: (214) 365-0052

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th of January of 2009, the enclosed *Plaintiffs' Motion to Extend Time to Amend Pleadings* was served on Charles Crawford at 1700 Redbud Blvd., Suite 300, McKinney, Texas 75069, counsel of record, by electronic transmission.

/s/ Myrna B. Silver
Myrna B. Silver