

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

NICHOLAS W., B/N/F MELANIE W., §
 §
    Plaintiffs, §
 §
v. §
 § Case No. 4:07-CV-14
NORTHWEST INDEPENDENT §
SCHOOL DISTRICT, *et al.*, §
 §
    Defendants. §

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO EXTEND TIME TO AMEND PLEADINGS AND GRANTING DEFENDANTS' MOTION TO DISMISS

The following are pending before the court:

1. Defendants' 1) motion to dismiss or, in the alternative, 2) motion for Rule 7(a) reply (docket entry #87);

2. Plaintiffs' motion to extend time to amend pleadings (docket entry #88); and

3. Defendants' response to Plaintiffs' motion to extend time to amend pleadings (docket entry #89).

Having considered the same, the court finds that the Plaintiffs' motion to extend time should be denied and the Defendants' motion to dismiss should be granted.

### BACKGROUND

The Plaintiffs herein are Melanie W. and her son Nicholas W. Nicholas was originally enrolled as a student in the Grapevine-Colleyville Independent School District ("GCISD"). While attending GCISD, Nicholas was identified as an emotionally disturbed student who was eligible for special education services. Nicholas subsequently transferred to the Lake Travis Independent School

District. Thereafter, in January 2004, Nicholas transferred to the Northwest Independent School District ("NWISD"). The Plaintiffs originally brought suit against NWISD for its failure to provide Nicholas with a free appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"). The Plaintiffs subsequently amended their lawsuit, suing 19 individuals associated with NWISD in their individual capacities.

In their Third Amended Original Complaint, the Plaintiffs sued the parties as follows:

1. NWISD

    A. IDEA

    B. Section 504 of the Rehabilitation Act of 1973 ("Section 504");

2. Individual Defendants

    A. 42 U.S.C. § 1983.

In response, the Defendants moved to dismiss the Plaintiffs' claims against each of the Individual Defendants under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, the Individual Defendants requested that the court order the Plaintiffs to re-plead their Third Amended Original Complaint pursuant to FED. R. CIV. P. 12(e). The court subsequently granted the Defendants' FED. R. CIV. P. 12(b)(6) motion in part. *See* MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT AND, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT (docket entry #84) dated November 26, 2008. However, the court ordered the Plaintiffs to file an amended pleading as follows:

1. The Plaintiffs shall remove all references to any Constitutional violations as currently referenced in ¶¶ 42, 44, 46, 48, 50, 52, 54, 56, 58, 60, 62, 64, 66, 68, 70, 71 (second), 73 and 75 of the Third Amended Original Complaint;

2. The Plaintiffs shall specifically plead that the Individual Defendants have violated IDEA;

3. The Plaintiffs shall plead sufficient facts in accordance with the Federal Rules of Civil Procedure about Individual Defendant DeAnne Hatfield such that the Defendant is placed on notice about the allegations against her. If the Plaintiffs choose not to so plead, the court will dismiss Individual Defendant DeAnne Hatfield from this lawsuit; and

4. The Plaintiffs' amended pleading shall additionally clarify that the Plaintiffs are not seeking to recover punitive damages under Section 504.

The Plaintiffs were ordered to file their amended complaint within twenty (20) days from the date the order was entered. Additionally, the Defendants were ordered as follows:

> Thereafter, the Defendants shall file an amended answer within the time prescribed by the Federal Rules of Civil Procedure. If the Individual Defendants assert the defense of qualified immunity, the Individual Defendants may move the court for an order requiring the Plaintiffs to file a FED. R. CIV. P. 7(a) reply.

Also on November 26, 2008, the court entered a discovery plan (docket entry #83). The discovery plan provided that the parties were not permitted to engage in discovery until the parties filed their respective amended pleadings. Thereafter, on December 4, 2008, the court entered an amended scheduling order (docket entry #85) which provided, in part, as follows:

> (2) The plaintiffs shall file their amended complaint in accordance with the court's November 26, 2008 order by **December 16, 2008**. The defendants shall file their amended answer by **January 7, 2009**.

On January 5, 2009, the Defendants filed a motion to dismiss or, alternatively, a motion for Rule 7(a) reply. The Defendants move to dismiss the Plaintiffs' lawsuit without prejudice because the Plaintiffs wholly failed to file their amended complaint in accordance with the court's orders by December 16, 2008. Thereafter, on January 6, 2009, the Plaintiffs, in response to the Defendants' motion to dismiss, filed a motion to extend time to amend pleadings pursuant to Rule 6(b) of the

Federal Rules of Civil Procedure. The Plaintiffs contend that their failure to timely file their amended complaint was due to excusable neglect.[1]

**DISCUSSION AND ANALYSIS**

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). In *Pioneer Investment Services, Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court established the following factors to determine excusable neglect:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding that party's omission. These include, as the Court of Appeals found, the danger of prejudice [ ], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 113 S.Ct. at 1498 (footnotes omitted).

Here, the Plaintiffs state that they filed their motion to extend time to file amended pleadings "as soon as they became aware of the need for additional time, . . . ." PLTS. MTN. TO EXTEND TIME TO AMEND PLDGS, p. 2, ¶4. The Plaintiffs go on to state that the "reason for the delay was partly beyond Plaintiffs' control." *Id*. at p. 3, ¶7. The Plaintiffs state that their attorneys are both sole practitioners, practicing approximately 200 miles apart. While counsel for the Plaintiffs discussed the court's November 26, 2008 order, each attorney was under the mistaken impression that the other

---

[1] The Plaintiffs attached a copy of their Fourth Amended Original Complaint to their motion to extend time to amend pleadings. The amended complaint complies with the court's November 26, 2008 order.

-4-

one would file the amended pleading. In sum, the Plaintiffs contend that they acted in good faith and argue as follows:

> The late filing of Plaintiffs' fourth amended original complaint as ordered by the Court was due to excusable neglect and inadvertent error due to the exceptionally pressing workload experienced by all attorneys practicing school law (on both sides of the bar) in the month of December prior to the Christmas/New Year's holiday and the closing of schools for those holidays. Plaintiffs' delay has not and will not prejudice Defendants nor result in any delay in the proceedings of this case.

*Id*. at p. 4, ¶8.

The court notes that this is not the first time in this case that the Plaintiffs' attorneys missed a deadline due to their busy practices.[2] On September 17, 2007, the Defendants filed a motion to dismiss. The Plaintiffs failed to file a timely response. At the November 20, 2007 scheduling conference, the following exchange occurred:

> **THE COURT**: Now, there is one outstanding motion, I'm informed. On September 17th, the Defendant filed a motion to dismiss for Plaintiff's failure to state a claim and alternatively motion for more definite statement. That was in September. Now, Ms. Heiligenthal, I've not received a response from the Plaintiff in the case. Do you intend to respond to that motion?
>
> **MS. HEILIGENTHAL**: Yes, sir.
>
> **THE COURT**: Okay. The deadline has probably run. So how quickly do you intend to respond?
>
> **MS. HEILIGENTHAL**: How about in two weeks? Say December 15th.
>
> **THE COURT**: Okay. Did you have any objection to the motion?
>
> **MS. HEILIGENTHAL**: Yes, sir.
>
> **THE COURT**: I would think you would.

---

[2] The court also notes that Myrna Silver, one of the Plaintiffs' counsel herein, failed to file a response to a motion to dismiss in *C.H. and G.H. v. Northwest Independent School District*, 4:07-cv-444. The case was subsequently dismissed without prejudice.

> **MS. HEILIGENTHAL**: Yes, sir. Ms. Silver and I are both solo practitioners, and she has been absolutely crushed with a litigation schedule. And my part of the case is the appeal of the due process, which is not impacted by the 12(b)(6). And I have similarly been overwhelmed with students who have urgent needs in special education. So certainly we owe you that response, and we plan to get that to you immediately.

TR. OF SCHEDULING CONFERENCE, 4:22 – 5:19.

The Plaintiffs' inability to meet their deadlines is not due to excusable neglect. "A busy practice does not constitute excusable neglect." *Draper v. KK Ford, LP*, 196 Fed. Appx. 264, 265 (5th Cir. 2006), citing *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990), citing *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981). As such, the Plaintiffs' motion to extend time to amend pleadings is denied.

Prior to the Plaintiffs filing their motion to extend time to amend pleadings, the Defendants filed a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Defendants' motion to dismiss rests on the premise that since the Plaintiffs failed to comply with the orders of the court, the Plaintiffs' case should be dismissed without prejudice at the Plaintiffs' cost.

Rule 41(b) provides, in part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Here, the Plaintiffs have twice failed to comply with either the local rules of the court or the orders of the court. While the court would warn a *pro se* party of his obligation to abide by the rules and orders of the court, such a warning is not necessary to counsel who is charged with such knowledge. The Defendants' motion to dismiss is granted and the case is dismissed without prejudice. *See generally McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Magnuson v. Electronic Data Systems Corp.*, 252 F.3d 436, 2001 WL 360841 (5th Cir. 2001); *Beard v. Experian*

*Information Solutions Inc.*, 214 Fed. Appx. 459 (5th Cir. 2007).

The Defendants seek the recovery of their costs. The court, however, granted Plaintiff Melanie W.'s request to proceed *in forma pauperis*. The Defendants contend that the Plaintiffs are no longer indigent. In order for the court to determine the status of the Plaintiff's indigency and before the court can enter a final judgment, the Plaintiff must update the court on this issue. Therefore, within fifteen (15) days from the entry of this order, the Plaintiff shall file a report on the status of Plaintiff Melanie W.'s indigency.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. Defendants' motion to dismiss (docket entry #87) is **GRANTED**;

2. Defendants' motion for Rule 7(a) reply (docket entry #87) is **DENIED AS MOOT**; and

3. Plaintiffs' motion to extend time to amend pleadings (docket entry #88) is **DENIED**.

**SIGNED this the 16th day of January, 2009.**

                                              _____
                                              RICHARD A. SCHELL
                                              UNITED STATES DISTRICT JUDGE