In the United States District Court
For the Eastern District of Texas
Sherman Division

| | |
|---|---|
| NICHOLAS W., b/n/f MELANIE W., and<br>MELANIE W.,<br>Plaintiffs<br><br>VS.<br><br>NORTHWEST INDEPENDENT SCHOOL<br>DISTRICT; DR. DARYL G. LANEY, IN HIS<br>INDIVIDUAL CAPACITY AS A TRUSTEE OF<br>NORTHWEST ISD; and KAREN GATES RUE,<br>VICKY L. HARDY, CINDY BROWN, KANDY<br>LOUISE AYDELOTTE, SHERRY BUCHANAN,<br>BARBARA LAVENDER, TRUDY POTTS,<br>LEZLEE DENISE DUTY, LOWELL STRIKE,<br>DENNIS MCCREARY, JIM F. CHADWELL,<br>JERHEA NAIL, GERALD ASTHON, MICHAEL<br>SCHWEI, JON GRASWICH, GLENDA KELLEY,<br>AND SARA SELINA LEONARDO, IN THEIR<br>INDIVIDUAL CAPACITIES AS CURRENT OR<br>FORMER EMPLOYEES OF NORTHWEST<br>INDEPENDENT SCHOOL DISTRICT,<br>Defendants | §§§§§§§§§§§§§§§§§§§§§§§<br><br>Civil Action No. 4:07-cv-14 |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER GRANT OF DEFENDANTS' MOTION TO DISMISS AND DENIAL OF MOTION TO EXTEND TIME TO AMEND PLEADING**

Plaintiffs Nicholas W. b/n/f Melanie W. and Melanie W. individually file this reply to Defendants' Response to Plaintiffs' Motion to Reconsider the Grant of Defendants' Motion to Dismiss and Denial of Motion to Extend Time to Amend Pleading (hereinafter "Plaintiffs' Motion" and "Defendants' Response").

### A.    Argument and Authorities

1.    In Defendants' Response to Plaintiffs' Motion, Defendants address the standard set forth in *Long v. Simmons,* 77 F.3d 878 (5th Cir. 1996) with only the conclusory statement that, "assuming

the legal standard in *Long v. Simmons* applies, that standard has been satisfied and the Court's dismissal should remain intact." However, Defendants do not even attempt to show how the *Long v. Simmons* standard, requiring a determination by the court as to whether plaintiffs' failure to comply with the court order was the result of *purposeful delay or contumaciousness* and whether lesser sanctions should have been imposed first, has been "satisfied." *Long v. Simmons*, 77 F.3d 878, 880 *(emphasis added)*. See Defendants' Response at paragraph 3.

2. Instead, Defendants go on to urge that dismissal is proper here because "Plaintiffs have Exhibited a clear pattern of delay in this case and [l]esser sanctions short of dismissal without prejudice (such as a fine) would be futile and/or not serve the interests of justice."[1] A review of the two cases cited by Defendants in support of this proposition actually weigh in favor of granting Plaintiffs' Motion to Reconsider.

3. First, in the case of *Callip v. Harris County Child Welfare Dep't.*, 757 F.2d 1513, 1520, (5th Cir. 1985) the court listed nine (9) deadlines missed by plaintiff and five (5) examples of "the district court's patience in dealing with Callip's recalcitrant conduct." *Id.* As further discussed below at paragraph 6, the conduct by Plaintiff in this case does not even closely approach the situation in *Callip*. The court in *Callip* also referred to the standard set forth in *Long v. Simmons*, 77 F.3d 878, 880 as a rule that has been "consistently applied" by the Fifth Circuit in "a long line of cases." *Callip*, 757 F.2d 1513, 1519. Additionally, the court in *Callip* noted that most of the cases affirming dismissals with prejudice involved the presence of one or more of three "aggravating factors:" (1) delay attributable directly to the plaintiff, rather than his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct. *Pond v. Braniff Airways, Inc.* 453 F.2d 347, 349 (5th Cir. 1972). Neither Defendants' Response nor the record

---

[1] As shown by Plaintiffs in their Motion to Reconsider, the court's dismissal here, since the statute of limitations has run as to all causes of action, amounts to a dismissal *with* prejudice.

shows that *any* of these three "aggravating factors" are present in this case.

4.  Additionally, the court in *Callip* discussed the case of *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554 (5th Cir. 1981) in which the Court of Appeals held that the record did not support the district court's decision to dismiss with prejudice. *McGowan*, 659 F. 2d 554 at 557. In that case, plaintiffs' counsel committed "procedural defaults" that included: (1) refusing to reimburse defendant for the cost of copying documents requested during discovery; (2) filing the pretrial order six days after the court-ordered deadline; (3) filed proposed findings and conclusions forty-three days after the court-ordered deadline; and (4) failed to comply with the district court's order to prenumber and exchange exhibits within thirty days of the pretrial conference. *Id.* Additionally, just prior to the scheduled trial date, plaintiffs had conducted very little discovery. *Id.* In reversing the district court's order dismissing the case, the court in *McGowan* stated that there was no clear record of delay or contumacious conduct, and no indication that the district court considered any alternative sanctions to expedite the proceedings. *Id.* The Fifth Circuit's decision was also based on the fact that the delay seemed attributable to plaintiffs' attorney alone while the plaintiffs themselves were "innocent parties," and that although counsel's defaults were negligent, they were not intentional. Similarly, in this case, as explained in Plaintiffs' Motion to Reconsider, any fault in this case lies with Plaintiffs' counsel, and not with Plaintiffs, and the defaults of Plaintiffs' counsel were not intentional. *See Plaintiffs' Motion to Reconsider Grant of Defendants' Motion to Dismiss and Denial of Motion to Extend Time to Amend Pleading*. Doc. No. 92, ¶¶3-9.

5.  In the case of *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415(5th Cir. 2006), process had not been served during the *two-year* period after it was ordered by the court. *Sealed Appellant*, 452 F.3d 415, 417. The court, in affirming the dismissal, engaged in a lengthy

discussion of the "aggravating factors" that were present in the case, and noted that unlike this case, there was almost two years of *total inactivity* on Appellant's side. *Sealed Appellant*, 452 F.3d 415, 419.

There is no "Clear Pattern of Delay by Plaintiffs" as alleged in Defendants' Response.

6. Plaintiffs will reply to each of Defendants' allegations in the order in which they were presented:

   a. Defendants allege that Plaintiffs "failed to serve process within the statute of limitations period." However, the "statute of limitations period" to which Defendant refers is the 90-day time limit under IDEA for a party to file an appeal to a district court after a decision from the administrative "due process" hearing. 20 U.S. § 1415 (i)(2)(B). In this case, it was Defendant Northwest ISD, not Plaintiffs, who received an adverse decision from the Hearing Officer. *See* Doc. 7, *Answer to Complaint by Northwest ISD*, Exhibit 1, Decision of the Hearing Officer, pages 13 and 14. As to Defendant Northwest ISD, Plaintiffs' Claim under the Individuals with Disabilities Education Act complains only that the Hearing Officer ruled against Plaintiffs' request to toll the Texas One-Year Statute of Limitations for filing a request for a due process hearing and that the Hearing Officer's award of compensatory services was insufficient. (Doc. 42, ¶ 36-37). It was Defendants who chose not to file an appeal from the Decision of the Hearing Officer that was adverse to them, and even if, as alleged by Defendants, Defendant Northwest ISD was not served until 47 days after the Complaint was filed, no prejudice to Defendants has been alleged in their Response, nor has any prejudice been shown..

   b. Plaintiffs' Motion to Continue the deadline for the Rule 26 Report/scheduling order

was unopposed by Defendants (Doc. No. 11). Additionally, Defendant alleges that Plaintiffs' filing of its First Amended Complaint on July 16, 2007 occurred "a day after the Court's (*sic*) deadline in Doc. No. 12." Document 12 had nothing to do with filing an amended complaint. Document 12 only continued the deadline for filing the Joint Written Report. Additionally, at the time Plaintiffs' First Amended Complaint was filed, there was no scheduling order in place, so Plaintiffs missed no deadline.

c. The Second Motion to Continue Deadline for Scheduling Order was not "based on Plaintiffs' multi-month delay in service the new complaint on the new defendants," as misrepresented by Defendants. Plaintiffs' First Amended Original Complaint was filed on July 16, 2007, and the Second Motion to Continue Deadline for Scheduling Order was filed on July 17, 2007, *with the agreement of counsel for Defendants. See Document No. 15, ¶ 6.*

d. Plaintiffs Response to Defendants' Motion to Dismiss was the first deadline missed by Plaintiffs, and the court granted an extension of time to file the response.

e. Defendants allege that Plaintiffs filed a Motion to Enlarge time to Amend Pleadings (Doc. No. 36), having missed the deadlines in the scheduling order (Doc. No.22) to add new parties by May 9, 2008 and to amend pleadings by June 9, 2008. Plaintiff never requested an enlargement of time to add new parties; the request (as the caption of the pleading shows) only involved an enlargement of time to amend pleadings. The requested extension was filed on June 9, 2008, the deadline date in the scheduling order for amending pleadings, and requested only a two-week delay. (Doc. No. 36). Furthermore, the reasons given by plaintiffs' co-counsel for the requested extension was misrepresented in Defendants' Response. *Compare* Doc. No. 95 ¶8(e.) with Doc.

No. 36, ¶ 3.

    f. The court rendered an Order on August 24, 2008 (Doc. No. 46), staying all discovery. In the court's amended scheduling order rendered on December 4, 2008 (Doc. No. 85), the parties were ordered to serve their respective fact discovery by February 6, 2009.

    g. The motion to extend the scheduling order deadline for the filing of dispositive motions as well as the other motions relating to the filing of documents related to summary judgment pleadings (Docs. No. 62, 62, and 69) were the direct result of the fact that Defendants had filed their Motion for Summary Judgment on August 11, 2008 (Documents 47-60), after having secured an Order staying discovery on August 4, 2008, preventing Plaintiffs from conducting discovery (Doc. No. 46).

    h. Plaintiffs did not miss "yet another deadline" when they filed their Motion to Enlarge Time to Provide Rule 26 Disclosures. The Motion was based on the fact that Defendants' Motion to Dismiss was pending before the court and that the discovery deadline had not been reset. Additionally, the Motion was *unopposed* by Defendant.

    i. Plaintiffs did miss the December 26, 2008 deadline ordered by the court for Plaintiffs to file an amended pleading. The Amended pleading was instead filed on January 6, 2009 (Doc. No. 88).

6.     As can be seen from the above, there was no "clear pattern of delay at every stage of this case" as alleged by Defendants. The record evidence shows, contrary to Defendants' exaggerations and misrepresentations, that exactly two deadlines were missed by Plaintiffs without agreement from Defendants or without good cause, given the procedural status of the case.

<u>Lesser Sanctions than Dismissal Should be Considered by the Court.</u>

7.  Defendants urge that monetary sanctions would be futile because Plaintiffs filed this case *in forma pauperis*. Defendants also make the conclusory statement that, "Plaintiffs continuous delays and failures to comply with the Court's orders have cost the Defendants **thousands** of dollars in attorneys fees." Doc. No. 95, ¶ 11 and *fn.* 6 (*emphasis in original*). However, Plaintiffs have not alleged, until this time, how "delays," if any, caused by the two late filings of Plaintiffs have cost Defendants *anything* in attorneys fees or prejudiced them in any way.

8.  Additionally, Defendants make the conclusory allegation that "each of the individual Defendants is entitled to qualified immunity." However, no such determination has yet been made by this court, and therefore any sanction based on this allegation would be completely premature.

9.  In summary, Defendants have not shown that they suffered any prejudice or harm from Plaintiffs two late filings. In contrast, the court's dismissal of this case with prejudice, since all statutes of limitation have run as to any of Plaintiffs' causes of action, is overly harsh and not based on any Fifth Circuit precedent.

### B.   Conclusion and Prayer

10.  Defendants have not shown that the severe sanction imposed by the court, dismissal of Plaintiff's case with prejudice to re-file, is an appropriate sanction. Defendants have failed to show that Plaintiffs' failure to timely respond to orders of the court on two occasions during these proceedings was the result of purposeful delay or contumaciousness on the part of either Plaintiffs or their attorneys. Defendants have not shown that lesser sanctions would be futile, nor did the court even consider any lesser sanctions prior to ordering dismissal of plaintiff's case with prejudice. Defendants pray that the court reconsider and reverse its Order Dismissing this Case and its Denial of Plaintiffs' Motion to Extend time.

Respectfully submitted,

/s/Myrna B. Silver

Myrna B. Silver, Attorney at Law
Texas Bar No. 00789627
10501 N. Central Expwy., Suite301
Dallas, Texas 75231
Tel.: 214-365-0050
Fax: 214-365-0052
e-mail: silvrlaw@ airmail.net

ATTORNEY FOR PLAINTIFFS,
NICHOLAS W. b/n/f MELANIE W.
And MELANIE W., Individually

Certificate of Service

I hereby certify that on the 16th day of February, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Myrna B. Silver

Myrna B. Silver