IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

NICHOLAS W., B/N/F MELANIE W., §
　　　　　　　　　　　　　　　　　§
　　　Plaintiffs, §
　　　　　　　　　　　　　　　　　§
v. §
　　　　　　　　　　　　　　　　　§　　　Case No. 4:07-CV-14
NORTHWEST INDEPENDENT §
SCHOOL DISTRICT, *et al.*, §
　　　　　　　　　　　　　　　　　§
　　　Defendants. §

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION
FOR LEAVE AND DENYING PLAINTIFFS' MOTION TO RECONSIDER
GRANT OF DEFENDANTS' MOTION TO DISMISS AND DENIAL
OF MOTION TO EXTEND TIME TO AMEND PLEADING**

　　　The following are pending before the court:

1.　　Plaintiffs' motion to reconsider grant of Defendants' motion to dismiss and denial of motion to extend time to amend pleading (docket entry #92);

2.　　Plaintiffs' motion for leave to file Plaintiffs' motion to reconsider grant of Defendants' motion to dismiss and denial of motion to extend time to amend pleading (docket entry #93);

3.　　Plaintiffs' report on status of indigency (docket entry #94);

4.　　Defendants' response to Plaintiffs' motion for leave to file Plaintiffs' motion to reconsider grant of Defendants' motion to dismiss and denial of motion to extend time to amend pleading (docket entry #95);

5.　　Plaintiffs' reply to Defendants' response to Plaintiffs' motion to reconsider grant of Defendants' motion to dismiss and denial of motion to extend time to amend pleading (docket entry #96); and

6.　　Defendants' sur-reply to Plaintiffs' reply to Defendants' response to Plaintiffs' motion to reconsider grant of Defendants' motion to dismiss (docket entry #99).

Having considered the Plaintiffs' motions and the responsive briefing thereto, the court finds that

the Plaintiffs' motion for leave to file the Plaintiffs' motion to reconsider should be granted. However, the Plaintiffs' motion to reconsider should be denied.

### BACKGROUND

The Plaintiffs herein are Melanie W. and her son Nicholas W. Nicholas was originally enrolled as a student in the Grapevine-Colleyville Independent School District ("GCISD"). While attending GCISD, Nicholas was identified as an emotionally disturbed student who was eligible for special education services. Nicholas subsequently transferred to the Lake Travis Independent School District. Thereafter, in January 2004, Nicholas transferred to the Northwest Independent School District ("NWISD"). On January 11, 2007, the Plaintiffs originally brought suit against NWISD under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA").

On April 16, 2007, the court ordered the parties to confer as required by FED. R. CIV. P. 26(f) by May 14, 2007. Additionally, the court ordered the parties to file a joint written report with a proposed scheduling order by May 29, 2007 (docket entry #10). On May 28, 2007 the Plaintiffs filed an unopposed motion to continue deadline for scheduling order. The motion was based upon the Plaintiffs' assertion that "a major pleading amendment, adding approximately sixteen individual school district employee defendants and Section 504 and Section 1983 civil rights causes of action," would be filed imminently. The Plaintiffs asserted that the additional parties would be served and required to answer by the end of June 2007. So that the newly answered parties could participate in the scheduling of this case, the Plaintiffs requested that the court continue the deadline for filing the scheduling order until July 15, 2007 (docket entry #11). The court granted the Plaintiffs' motion on May 29, 2007 (docket entry #12).

However, contrary to the Plaintiffs' assertions, the Plaintiffs did not file their first amended

original complaint (docket entry #13) until July 16, 2007 which was one day after the deadline for filing the parties' proposed scheduling order and several weeks beyond the time in which the Plaintiffs were to have served the newly added Defendants. In their first amended original complaint, the Plaintiffs added 19 individual Defendants as parties. On July 17, 2007, the Plaintiffs filed their second motion to continue deadline for scheduling order (docket entry #15). The Plaintiffs' second request to continue the deadline for filing the scheduling order came two days after the proposed scheduling order was to be filed. The Plaintiffs requested that the court extend the deadline for the filing of the proposed scheduling order until October 31, 2007. The court granted the motion on July 25, 2007 (docket entry #16).

On September 17, 2007, the Defendants filed their "Motion to dismiss for Plaintiffs' failure to state a claim and, alternatively, motion for more definite statement" (docket entry #17). The Plaintiffs failed to file a timely response. At the November 20, 2007 scheduling conference, the following exchange occurred:

> **THE COURT**: Now, there is one outstanding motion, I'm informed. On September 17th, the Defendant filed a motion to dismiss for Plaintiff's failure to state a claim and alternatively motion for more definite statement. That was in September. Now, Ms. Heiligenthal, I've not received a response from the Plaintiff in the case. Do you intend to respond to that motion?
>
> **MS. HEILIGENTHAL**: Yes, sir.
>
> **THE COURT**: Okay. The deadline has probably run. So how quickly do you intend to respond?
>
> **MS. HEILIGENTHAL**: How about in two weeks? Say December 15th.
>
> **THE COURT**: Okay. Did you have any objection to the motion?
>
> **MS. HEILIGENTHAL**: Yes, sir.

>**THE COURT**: I would think you would.
>
>**MS. HEILIGENTHAL**: Yes, sir. Ms. Silver and I are both solo practitioners, and she has been absolutely crushed with a litigation schedule. And my part of the case is the appeal of the due process, which is not impacted by the 12(b)(6). And I have similarly been overwhelmed with students who have urgent needs in special education. So certainly we owe you that response, and we plan to get that to you immediately.

TR. OF SCHEDULING CONFERENCE, 4:22 – 5:19.

On November 21, 2007, the court signed a scheduling order (docket entry #22). In the scheduling order, the parties were ordered to join other parties by May 9, 2008 and to file their amended pleadings by June 9, 2008. The Plaintiffs filed their second amended complaint on November 30, 2007 (docket entry #23).

On June 9, 2008 (the deadline for filing amended pleadings), the Plaintiffs filed their "Opposed Motion to Enlarge Time to Amend Pleadings" (docket entry #36). The extension was sought because the Plaintiffs' co-counsel had "been unable to confer on the final pleadings amendment due to the illness of one co-counsel and the out of state travel of the other." MTN. TO ENLARGE TIME, p. 1, ¶ 2. As such, the Plaintiffs requested that the deadline for amending pleadings be extended until June 23, 2008. The court granted the motion on July 9, 2008 (docket entry #40). However, on June 23, 2008, the Plaintiffs filed their "Second Opposed Motion to Enlarge Time to Amend Pleadings" (docket entry #37). The extension was now sought so that counsel could secure the services of additional counsel to pursue a class action. Accordingly, the Plaintiffs requested that the deadline for amending pleadings be extended until July 14, 2008. The court granted the motion on July 9, 2008 even though the deadline to join additional parties had long since passed (docket entry #41).

While the Plaintiffs did file their Third Amended Original Complaint by the July 14, 2008 deadline, the Plaintiffs did not assert a class action. In their Third Amended Original Complaint, the Plaintiffs sued the parties as follows:

1. NWISD

    A. IDEA

    B. Section 504 of the Rehabilitation Act of 1973 ("Section 504");

2. Individual Defendants

    A. 42 U.S.C. § 1983.

In response, the Defendants moved to dismiss the Plaintiffs' claims against each of the Individual Defendants under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, the Individual Defendants requested that the court order the Plaintiffs to re-plead their Third Amended Original Complaint pursuant to FED. R. CIV. P. 12(e). The court subsequently granted the Defendants' FED. R. CIV. P. 12(b)(6) motion in part. *See* MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT AND, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT (docket entry #84) dated November 26, 2008. However, the court ordered the Plaintiffs to file an amended pleading as follows:

1. The Plaintiffs shall remove all references to any Constitutional violations as currently referenced in ¶¶ 42, 44, 46, 48, 50, 52, 54, 56, 58, 60, 62, 64, 66, 68, 70, 71 (second), 73 and 75 of the Third Amended Original Complaint;

2. The Plaintiffs shall specifically plead that the Individual Defendants have violated IDEA;

3. The Plaintiffs shall plead sufficient facts in accordance with the Federal Rules of Civil Procedure about Individual Defendant DeAnne Hatfield such

> that the Defendant is placed on notice about the allegations against her. If the
> Plaintiffs choose not to so plead, the court will dismiss Individual Defendant
> DeAnne Hatfield from this lawsuit; and
>
> 4. The Plaintiffs' amended pleading shall additionally clarify that the Plaintiffs
> are not seeking to recover punitive damages under Section 504.

The Plaintiffs were ordered to file their amended complaint within twenty (20) days from the date the order was entered. Additionally, the Defendants were ordered as follows:

> Thereafter, the Defendants shall file an amended answer within the time prescribed by the Federal Rules of Civil Procedure. If the Individual Defendants assert the defense of qualified immunity, the Individual Defendants may move the court for an order requiring the Plaintiffs to file a FED. R. CIV. P. 7(a) reply.

Also on November 26, 2008, the court entered a discovery plan (docket entry #83). The discovery plan provided that the parties were not permitted to engage in discovery until the parties filed their respective amended pleadings. Thereafter, on December 4, 2008, the court entered an amended scheduling order (docket entry #85) which provided, in part, as follows:

> (2) The plaintiffs shall file their amended complaint in accordance with the court's November 26, 2008 order by **December 16, 2008**. The defendants shall file their amended answer by **January 7, 2009**.

On January 5, 2009, the Defendants filed a motion to dismiss or, alternatively, a motion for Rule 7(a) reply (docket entry #87). The Defendants moved to dismiss the Plaintiffs' lawsuit without prejudice because the Plaintiffs wholly failed to file their amended complaint in accordance with the court's orders by December 16, 2008. Thereafter, on January 6, 2009, the Plaintiffs, in what appeared to be a response to the Defendants' motion to dismiss, filed a motion to extend time to amend pleadings pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. The Plaintiffs

contended that their failure to timely file their amended complaint was due to excusable neglect.[1]
The Plaintiffs stated that they filed their motion to extend time to file amended pleadings "as soon as they became aware of the need for additional time, . . . ." PLTS. MTN. TO EXTEND TIME TO AMEND PLDGS, p. 2, ¶4. The Plaintiffs went on to state that the "reason for the delay was partly beyond Plaintiffs' control." *Id*. at p. 3, ¶7. The Plaintiffs stated that their attorneys are both sole practitioners, practicing approximately 200 miles apart. While counsel for the Plaintiffs discussed the court's November 26, 2008 order, each attorney was under the mistaken impression that the other one would file the amended pleading. In sum, the Plaintiffs contended that they acted in good faith and argued as follows:

> The late filing of Plaintiffs' fourth amended original complaint as ordered by the Court was due to excusable neglect and inadvertent error due to the exceptionally pressing workload experienced by all attorneys practicing school law (on both sides of the bar) in the month of December prior to the Christmas/New Year's holiday and the closing of schools for those holidays. Plaintiffs' delay has not and will not prejudice Defendants nor result in any delay in the proceedings of this case.

*Id*. at p. 4, ¶8.

On January 16, 2009, the court denied the Plaintiffs' motion to extend time to amend pleadings, finding that the Plaintiffs' inability to meet their deadlines was not due to excusable neglect. Further, the court granted the Defendants' motion to dismiss, dismissing the Plaintiffs' case without prejudice (docket entry #90).

Thereafter, the Plaintiffs filed their motion for leave to file motion to reconsider as well as their motion to reconsider the court's order dismissing this case. The court hereby **GRANTS** the

---

[1]The Plaintiffs attached a copy of their Fourth Amended Original Complaint to their motion to extend time to amend pleadings. The amended complaint complies with the court's November 26, 2008 order.

Plaintiffs' motion for leave to file motion to reconsider.

### DISCUSSION AND ANALYSIS

Motions to reconsider serve a very limited purpose: "to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Krim v. pcOrder.com*, *Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002) (citations omitted). Mere disagreement with a district court's order does not warrant reconsideration of that order. *Id*. at 332. A party should not restate, recycle, or rehash arguments that were previously made. *Id*. District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus.*, *Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). Rather, "litigants are expected to present their strongest case when the matter is first considered." *Louisiana v. Sprint Comms*. *Co*., 899 F. Supp. 282, 284 (M.D. La. 1995) (citation omitted).

Here, the Plaintiffs argue that the court should reconsider its order denying the Plaintiffs' motion to extend time to amend pleadings and granting the Defendants' motion to dismiss. Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). In *Pioneer Investment Services, Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court established the following factors to determine excusable neglect:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding that party's omission. These include, as the Court of Appeals found, the danger of prejudice [ ], the length of the delay and its potential impact on judicial proceedings,

the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 113 S.Ct. at 1498 (footnotes omitted).

In their motion to extend time to amend pleadings pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, the Plaintiffs argued that their attorneys' busy schedules prohibited them from timely filing the amended pleading. Additionally, counsel for the Plaintiffs remarked that each attorney was under the mistaken impression that the other one would file the amended pleading. In denying the Plaintiffs' motion to extend time to amend pleadings, the court found that the Plaintiffs' inability to meet their deadlines was not due to excusable neglect. "A busy practice does not constitute excusable neglect." *Draper v. KK Ford, LP*, 196 Fed. Appx. 264, 265 (5th Cir. 2006), citing *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990), citing *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981).[2]

Now, counsel for the Plaintiffs state that each attorney was ***not*** under the mistaken impression that the other one would file the amended pleading. Rather, counsel admit that lead counsel was supposed to prepare and file the amended pleading. Additionally, rather than counsels' busy schedules preventing them from timely filing the amended pleading, Plaintiffs' counsel now admit that lead counsel's office assistant failed to calendar the pleading deadline on the tickler system. It was merely by chance that lead counsel discovered that the Plaintiffs missed the deadline for filing the amended pleading.

---

[2]The court previously noted that this was not the first time that one of the Plaintiffs' counsel herein failed to file a response to a motion to dismiss. In *C.H. and G.H. v. Northwest Independent School District*, 4:07-cv-444, the defendant filed a motion to dismiss on November 15, 2007. The plaintiff failed to file a response to the motion to dismiss. Accordingly, on December 10, 2007, the court granted the defendant's motion to dismiss in part and dismissed the case without prejudice. Although the court had already dismissed the case, the plaintiff subsequently filed a motion for nonsuit on July 16, 2008.

The Plaintiffs' shifting reasoning for once again missing a deadline in this case does not persuade the court to reconsider its prior ruling. Actually, the court is troubled by counsels' initial misrepresentations to the court. However, regardless of which excuse is accurate, the court finds that the Plaintiffs have failed to establish excusable neglect for the late filing of the amended pleading.

As noted above, prior to the Plaintiffs filing their motion to extend time to amend pleadings, the Defendants filed a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Defendants' motion to dismiss rested on the premise that since the Plaintiffs failed to comply with the orders of the court, the Plaintiffs' case should be dismissed without prejudice at the Plaintiffs' cost. As noted previously, the court granted the Defendants' motion, dismissing the case without prejudice.

The Plaintiffs argue that the dismissal without prejudice operates as a dismissal with prejudice because the Plaintiffs' claims are now barred by limitations. Rule 41(b) provides, in part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). For a court to dismiss a case with prejudice for want of prosecution, there must be a clear record of delay or contumacious conduct by the Plaintiffs and lesser sanctions would not serve the best interests of justice. *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985). "Moreover, . . . most of the cases affirming dismissals with prejudice have involved the presence of one or more of three 'aggravating factors': (1) delay attributable directly to the plaintiff, rather than his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct." *Id*. (citation omitted).

Here, the Plaintiffs have failed to comply with either the local rules of the court or the orders

of the court on six occasions. On three of those six occasions, the Plaintiffs failed to meet deadlines that they requested be imposed. Further, the court notes that the Plaintiffs filed this lawsuit on January 11, 2007. Approximately 17 months after filing their lawsuit, the Plaintiffs contemplated altering the scope of the lawsuit by pursuing a class action. Although the class action never materialized, the Plaintiffs secured an extension to file their amended pleadings based on this potential class action. Additionally, the Plaintiffs have continuously failed to meet their deadlines either due to counsels' illness or demanding schedules. It appears to the court that the Plaintiffs were not prepared to prosecute this case. Accordingly, the court finds that the facts present a clear record of delay. Further, the court finds that the delay was caused by counsel for the Plaintiffs' intentional conduct.

The court's analysis, however, must not end here. The court must also consider whether lesser sanctions would best serve the interests of justice. The Fifth Circuit has "suggested alternatives to dismissal, including the '[a]ssessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings,' that may be effective to 'safeguard a court's undoubted right to control its docket.'" *Id.* at 1521 (citation omitted). The court finds that fines, costs or damages against the Plaintiffs are not available alternatives. The Plaintiffs are proceeding *in forma pauperis*. As ordered by the court, the Plaintiffs filed a report on the status of Plaintiff Melanie W.'s indigency. The Defendants did not file any response to the Plaintiffs' status report. Having reviewed the status of Plaintiff Melanie W.'s indigency, the court finds that the Plaintiff is indigent and may continue to proceed *in forma pauperis*. Since the Plaintiff is indigent, assessing a fine, costs or damages against the Plaintiff would be futile. Further, counsel for the Plaintiffs offered no recommendation to the

court regarding a lesser sanction. Having considered the court's options for lesser sanctions, the court finds that no lesser sanction would best serve the interests of justice. Accordingly, the court declines the Plaintiffs' invitation to reconsider its prior order dismissing this case.

## Conclusion

Based on the foregoing, it is hereby **ORDERED** that:

1. Plaintiffs' motion to reconsider grant of Defendants' motion to dismiss and denial of motion to extend time to amend pleading (docket entry #92) is **DENIED**; and

2. Plaintiffs' motion for leave to file Plaintiffs' motion to reconsider grant of Defendants' motion to dismiss and denial of motion to extend time to amend pleading (docket entry #93) is **GRANTED**.

**SIGNED this the 24th day of August, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE